UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEILA MCCOY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:23-CV-00652-NCC |
| | ) |
| THE STATE OF MISSOURI, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Leila McCoy for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will direct plaintiff to file an amended complaint.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To avoid dismissal, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a self-represented litigant who has filed a civil action against the State of Missouri Family Support Division. (Docket No. 1 at 1). The complaint is handwritten on a Court-provided civil complaint form. Plaintiff claims that the Court has jurisdiction under the Unruh

2

Act,[1] the Americans with Disabilities Act (ADA),[2] the Violence Against Women Act,[3] the Rehabilitation Act (RA),[4] the Indian Child Welfare Act (ICWA),[5] and the Family First Preservation Services Act.[6] (Docket No. 1 at 3).

In the "Statement of Claim," plaintiff asserts that she is suing the Missouri Department of Social Services in Boone County. (Docket No. 1-2 at 1). She states that the department "is a place of public accommodation which receives federal financial assistance and acts as an agent for the United States Government to distribute child welfare services, cash, food, medical assistance and emergency housing." Plaintiff states that she is "officially impaired," is "mobility impaired," and that she "has chronic illnesses for which" she has "provided medical verification requesting [a] reasonable accommodation." In particular, she states that she has requested "a qualified reader and interpreter and alternative format documents." Plaintiff also states that she "is a Hispanic Aboriginal American person who has requested culturally competent services for their Native American background[,] as well as their religious background[,] which is Islam." (Docket No. 1-2 at 1-2).

---

[1] This is an apparent reference to California's Unruh Civil Rights Act. *See Board of Directors of Rotary Intern. v. Rotary Club of Duarte*, 481 U.S. 537, 541-42 (1987). The Act provides that: "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b).

[2] The ADA is a federal law that bars discrimination against persons on the basis of disability. *See Faidley v. United Parcel Serv. of America, Inc.*, 889 F.3d 933, 940 (8th Cir. 2018).

[3] The Violence Against Women Act of 1994 "created a federal civil remedy for the victims of gender-motivated crimes of violence." *Gonzalez v. Raich*, 545 U.S. 1, 25 (2005). The Supreme Court, however, held the statute unconstitutional. *Id*.

[4] The RA is a federal law that is similar to the ADA, and is meant to ensure that individuals with disabilities will not be denied benefits from or be subjected to discrimination under any program or activity that receives federal funding. *See Argenyi v. Creighton Univ.*, 703 F.3d 441, 448 (8th Cir. 2013).

[5] ICWA is a federal law that "aims to keep Indian children connected to Indian families." *See Haaland v. Brackeen*, 143 S.Ct. 1609, 1623 (2023).

[6] This appears to refer to the federal Family First Prevention Services Act, which was signed into law on February 9, 2018. Asheley Pankratz, *What About Florida's Children? Analyzing the Implications of the Family First Prevention Services Act of 2018*, 44 Nova L. Rev. 63, 65 (2019). The purpose of the Act is to prevent the placement of children into foster care, and to limit the use of group home placements. *Id*. at 73.

Between May 1, 2022 and May 5, 2023, plaintiff alleges that defendant "excluded the complaint filer from use of its on-site facility, website, services, programs[,] and from proper calculation of benefits solely based on the above protected categories." She further contends that defendant "refused to provide a hearing to appeal adverse agency action with accommodations and a qualified interpreter," which deprived her of due process. (Docket No. 1-2 at 2).

According to plaintiff, when she made a complaint, defendant retaliated against her by "filing false fraud reports." She asserts that defendant was aware that she "is a victim of domestic violence," and that her identity, location, and mailing address were changed for her safety. Nevertheless, defendant allegedly deprived plaintiff of "the right to use the new safe identity granted in a sealed hearing by the court," in violation of the Violence Against Women Act. More specifically, plaintiff insists that she has "the right to go into shelter and receive [an] emergency allotment without intentional program violation allegations or allegations of dual participation." Plaintiff states that defendant ignored her evidence of domestic violence and pursued a fraud investigation against her.

Plaintiff asserts that this amounts to discrimination on the part of defendant, and that defendant's actions "are not congruent" with the applicable rules or regulations. (Docket No. 1-2 at 1).

Attached to the complaint is a single exhibit, consisting of a Social Security Administration Benefit Verification Letter, dated March 15, 2023. (Docket No. 1-1). The Court has reviewed the exhibit and will treat it as part of the pleadings.[7] The letter indicates that plaintiff is "a blind individual" and entitled to Supplemental Security Income payments.

---

[7] *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes"). *See also Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (stating that "while ordinarily, only the facts alleged in the complaint are considered in determining whether it states a claim, materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint"); and *Pratt v. Corrections*

Based on these facts, plaintiff states that she has suffered mental anguish, emotional distress, loss of enjoyment of life, deprivation of food, clothing, shelter, and medical treatment, harassment and retaliation for making a civil rights complaint, the stillbirth of two infants, and false reports made against her. (Docket No. 1 at 6). She is seeking $40 million in damages. (Docket No. 1 at 4).

## The Complaint

Plaintiff is a self-represented litigant who has sued the State of Missouri Family Support Division. Because she is proceeding in forma pauperis, the Court has reviewed her complaint under 28 U.S.C. § 1915. Based on that review, the Court has determined that the complaint is deficient and subject to dismissal. Rather than dismissing, however, the Court will give plaintiff the opportunity to file an amended complaint.

### A. Deficiencies in Complaint

Plaintiff's complaint is deficient and subject to dismissal for two reasons. First, plaintiff has not properly alleged venue. A civil action may be brought only in: (1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b).

Here, plaintiff initially indicates that defendant is located in St. Louis, Missouri. (Docket No. 2). However, in the "Statement of Claim," plaintiff asserts that defendant is actually in Columbia, Missouri, which is located within Boone County. (Docket No. 1-2 at 1). Boone County

---

*Corp. of America*, 124 Fed. Appx. 465, 466 (8th Cir. 2005) (explaining that "the district court was required to consider the allegations not only in [plaintiff's] pro se complaint, but also in his motion to amend, his response to defendants' motion to dismiss, and the attachments to those pleadings").

5

is in the Central Division of the Western District of Missouri. *See* 28 U.S.C. § 105(b)(4). Furthermore, plaintiff asserts that she lives in Columbia as well, suggesting that the events of which she complains actually took place in the Western District, rather than the Eastern. As such, it appears that venue here is improper.

Second, plaintiff has failed to state a claim. To begin, the Court notes that plaintiff has neglected to establish the relevance of most of her purported jurisdictional bases. The Unruh Act, for instance, is a California state law, and has no bearing here. Meanwhile, plaintiff has entirely failed to demonstrate that any of her factual allegations support a claim under the Violence Against Women Act, ICWA, or the Family First Prevention Act.

Liberally construed, it appears as though plaintiff is trying to make a claim under the ADA or the RA. That is, plaintiff's complaint suggests that defendant – a public entity – denied her benefits due to her disability. *See Power v. Univ. of North Dakota Sch. of Law*, 954 F.3d 1047, 1052 (8th Cir. 2020) (under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity"); and *Wojewski v. Rapid City Reg'l Hosp., Inc.*, 450 F.3d 338, 344 (8th Cir. 2006) (explaining that the RA provides, in relevant part, "that no otherwise qualified individual with a disability in the United States shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance").

In this case, plaintiff has alleged that she has a disability, and that defendant failed to make a reasonable accommodation. Even so, she has not provided facts showing exactly what benefits she was denied, and in what manner. Instead of facts, much of her "Statement of Claim" consists

6

of arguments and legal conclusions. "While the court must accept allegations of fact as true…the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002).

Because plaintiff is a self-represented litigant, the Court will give her the opportunity to file an amended complaint according to the instructions set forth below. Plaintiff must follow these instructions.

### B. Amendment Instructions

Plaintiff should type or neatly print her amended complaint on the Court's civil complaint form, which will be provided to her. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). If the amended complaint is handwritten, the writing must be legible.

In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party she is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed.

Plaintiff should put her case number in the appropriate location on the upper right-hand section of the first page. She should then fill out the complaint form in its entirety, and ensure that it is signed. *See* Fed. R. Civ. P. 11(a).

With regard to jurisdiction, plaintiff bears the burden of showing that this Court has the authority to entertain this action. *See Magee v. United States*, 9 F.4th 675, 680 (8th Cir. 2021) ("The burden of proving the existence of subject matter jurisdiction rests with the party invoking federal

7

jurisdiction"). To that end, plaintiff must fill out the "Basis for Jurisdiction" section of the form complaint, demonstrating that the Court has authority over her action.

As to venue, plaintiff must present facts showing either that defendant resides in the Eastern District of Missouri, or that the events giving rise to the complaint occurred here.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting her claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

In structuring her amended complaint, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, she should follow the same procedure for each defendant. **Plaintiff should present factual allegations only, avoiding arguments, conclusions, and merely listing the elements of a cause of action**. *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) (explaining that a complaint requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action"). Ultimately, plaintiff's "Statement of Claim" must give defendant notice of the claim. *See Tatum v. Iowa*, 822 F.2d 808, 810 (8th Cir. 1987) ("While all pleadings are to be construed to do substantial justice…the pleading must at a minimum be sufficient to give the defendant notice of the claim").

The amended complaint should only include claims that arise out of the same transaction or occurrence. In other words, plaintiff should only include claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant and set forth as many claims as she has against that defendant. *See* Fed. R. Civ. P. 18(a).

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. If plaintiff fails to file an amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's civil complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court-provided form within **thirty (30) days** of the date of this order, in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that if plaintiff fails to file an amended complaint on the Court-provided form within **thirty (30) days** of the date of this order, in accordance with the instructions set forth above, the Court will dismiss this action without prejudice and without further notice.

**IT IS FURTHER ORDERED** that upon receipt of plaintiff's amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

Dated this 29th day of August, 2023.

_____
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE